FILED

**NOT FOR PUBLICATION**

DEC 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **BARRY REYNOLDS; FU YUN XU REYNOLDS,** | No. 12-55675 |
| Plaintiffs - Appellants, | D.C. No. 8:11-cv-00936-CJC-RNB |
| v. | |
| **JEH JOHNSON, Secretary of Department of Homeland Security; LORETTA E. LYNCH, Attorney General; CHRISTINA POULOS, Director, USCIS, Laguna Niguel, CA,** | **MEMORANDUM**[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 9, 2015
Pasadena, California

Before:   **KOZINSKI**, **CHRISTEN** and **HURWITZ**, Circuit Judges.

   **1.**  Barry Reynolds raises a number of reasons why United States Citizenship

and Immigration Services should have concluded that he "pose[d] no risk" to his

_____

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

spouse. 8 U.S.C. § 1154(a)(1)(A)(viii)(I). Because a no-risk determination is committed to the "sole and unreviewable discretion" of the Secretary of Homeland Security, we can't address these claims. Id.; id. § 1252(a)(2)(B)(ii).

**2.** Reynolds claims that the 2006 Adam Walsh Act (AWA) doesn't apply to him because the AWA can't attach a new disability to his 1994 conviction. But the AWA "address[es] dangers that arise postenactment" and therefore "do[es] not operate retroactively." Cf. Vartelas v. Holder, 132 S. Ct. 1479, 1489 n.7 (2012).

**3.** The district court erred in dismissing for lack of jurisdiction Reynolds's claim that the application of the AWA unconstitutionally burdens his fundamental right to marry. See Mamigonian v. Biggs, 710 F.3d 936, 945 (9th Cir. 2013) (holding that "district courts have jurisdiction to hear cases challenging final agency determinations . . . made on nondiscretionary grounds"); Kwai Fun Wong v. United States, 373 F.3d 952, 963 (9th Cir. 2004) (concluding that unconstitutional decisions cannot be "discretionary"). We remand for the district court to consider Reynolds's constitutional claim in the first instance.

**AFFIRMED** in part and **VACATED** and **REMANDED** in part. No costs.