# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1163
_____

Joel Bremer; Ma Susan Bremer,

*Plaintiffs - Appellants*,

v.

Jeh Johnson, Secretary of the United States Department of Homeland Security;
Leon Rodriguez, Director, National Benefits Center, United States Citizenship and
Immigration Services; Robert M. Cowan, Director, National Benefits Center,
United States Citizenship and Immigration Services; Loretta E. Lynch, Attorney
General of the United States; Laura B. Zuchowski, Director, Vermont Service
Center, United States Citizenship and Immigration Services,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2015
Filed: August 25, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

The Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act" or "AWA"), Pub. L. No. 109-248, 120 Stat. 587, limits who may file a petition for a visa on behalf of an immediate family member who is a foreign national. Under the Act, no citizen previously convicted of a "specified offense against a minor" may file a petition "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien." 8 U.S.C. § 1154(a)(1)(A)(viii). In 2009, Joel Bremer, who had previously been convicted of sexual abuse of a minor, petitioned for a spousal visa on behalf of his wife, a native and citizen of the Philippines. The United States Citizenship and Immigration Services ("the USCIS"), exercising discretion delegated to it by the Secretary, determined that Mr. Bremer failed to show that he posed no risk to his wife and denied his petition.

The Bremers filed a class-action complaint in the district court, contending that the manner in which the USCIS makes the no-risk determinations violates the Administrative Procedure Act ("APA") and the Constitution. After granting in part the Bremers' motion for class certification, the court dismissed the case, concluding that the Bremers sought judicial review of determinations that were committed to the "sole and unreviewable discretion" of the Secretary. We affirm in part, reverse in part, and remand for further proceedings.

I.

The Immigration and Nationality Act ("INA") permits a United States citizen to petition for a visa on behalf of a foreign-national spouse or child by filing Form I-130 with the USCIS. 8 U.S.C. § 1154(a); *see* 8 C.F.R. § 204.1(a)(1). The Attorney General or her designee is then required to investigate the petition. 8 U.S.C. § 1154(b). If the facts stated in the petition are true and the beneficiary is eligible for

preference status, "the Attorney General shall . . . approve the petition." *Id.* Once the petition is approved, the foreign-national beneficiary can apply for permanent-resident status. *See* 8 C.F.R. § 245.2. The petitioner and beneficiary bear the burden of proving their eligibility under the INA. 8 U.S.C. § 1361.

In 2006, Congress passed the Adam Walsh Act "[t]o protect the public from sex offenders and offenders against children." Pub. L. No. 109-248, § 102, 120 Stat. 587, 590 (2006). Among other reforms, the Adam Walsh Act amended the INA to prohibit a citizen from filing a Form I-130 visa petition for an alien if he or she

> has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien . . . .

8 U.S.C. § 1154(a)(1)(A)(viii)(I).

The term "specified offense against a minor" includes "conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(I). The Secretary has delegated to the USCIS the discretion to determine whether the petitioner "poses no risk" to the beneficiary. Dep't of Homeland Sec. Delegation No. 0150.1(II)(H) (June 5, 2003); *see* 8 C.F.R. § 2.1. Even if none of the intended beneficiaries is a child, the USCIS has interpreted the Adam Walsh Act to require that the petitioner "prove, beyond any reasonable doubt, that he or she poses no risk to the intended adult beneficiary."

Joel Bremer is a United States citizen residing in Kansas City, Missouri. In 2001, Mr. Bremer pleaded guilty to sexually abusing his daughter when she was eleven-years old. The court sentenced Mr. Bremer to seven years' imprisonment. Since his release from prison, Mr. Bremer has completed the Missouri Sexual Offender Program and sought therapy.

Mr. Bremer married Ma Susan Suarez Bremer, a native and citizen of the Philippines, in June 2009 and subsequently filed an I-130 visa petition on her behalf. His petition was assigned a file number. After a background check revealed that Mr. Bremer had a prior conviction for a specified offense against a minor, the USCIS mailed Mr. Bremer a "Request for Evidence and Notice of Intent to Deny," seeking additional information about Mr. Bremer's conviction and rehabilitation. In response, Mr. Bremer submitted evidence of rehabilitation, including letters of support from his wife, his ex-wife, a social worker, a probation officer, two pastors, and numerous friends and family members. On August 21, 2010, the USCIS denied Mr. Bremer's petition because the evidence submitted did not establish that he posed no risk to Mrs. Bremer and because the authors of his support letters—including Mrs. Bremer—did not "appear to be aware of the full nature of [his] crime."

Mr. Bremer filed a second I-130 visa petition on March 24, 2011, with additional evidence, including a report from a psychologist and a letter from Mrs. Bremer stating that she was aware of the details of her husband's conviction. This petition was assigned a file receipt number. The USCIS rejected this second petition on October 31, 2012, discounting the psychologist report because it was based on a single ninety-minute session, during which the psychologist did not use any recognized actuarial tools to determine Mr. Bremer's recidivism risk. The USCIS also determined that the letters of support from family and friends were insufficient because the authors were presumably biased and lacked the qualifications to assess Mr. Bremer's risk profile. Mr. Bremer did not appeal either denial to the Board of Immigration Appeals.

The Bremers then brought a class action complaint in the district court, and the government did not oppose the Bremers' motion for class certification. The complaint named as defendants five officials in the Department of Justice, Department of Homeland Security, and USCIS, and raised eight claims arising under the APA and the Constitution. The district court granted the Bremers' motion for class certification

for six of the eight claims pleaded in their complaint, but determined that two counts (Count I and Count III) raised individual claims.

The parties filed cross-motions for summary judgment. The INA precludes judicial review of any "decision or action . . . the authority for which is specified under this subchapter[1] to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Referring to the Adam Walsh Act, the district court determined that the phrase "'sole and unreviewable discretion' plainly and unambiguously creates a discretionary decision or action" and precluded judicial review. Accordingly, the court dismissed the complaint for lack of jurisdiction. We review the decision *de novo*. *Cmty. Fin. Grp., Inc. v. Republic of Kenya*, 663 F.3d 977, 980 (8th Cir. 2011).

## II.

The INA generally allows any United States citizen to file a visa petition on behalf of certain immediate family members. 8 U.S.C. § 1154(a)(1)(A)(i) ("Clause (i)"). After an investigation, the Attorney General "shall . . . approve" the petition, if the facts stated in the petition are true and the beneficiary is entitled to preference status. *Id.* § 1154(b). The Adam Walsh Act, however, creates an exception to the right to file a visa petition under Clause (i). It provides:

> Clause (i) shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed.

---

[1] "'[T]his subchapter' refers to Title 8, Chapter 12, Subchapter II, of the United States Code, codified at 8 U.S.C. §§ 1151-1381 . . . ." *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010) (first alteration in original).

*Id.* § 1154(a)(1)(A)(viii)(I) ("Clause (viii)"). The USCIS has determined that "given the nature and severity of many of the underlying offenses and the intent of the AWA," determinations that a citizen poses "no risk" should be "rare."

The APA provides that agency actions are not reviewable when a statute precludes judicial review. 5 U.S.C. § 701(a)(1). Whether a citizen poses no risk to an intended beneficiary of a visa petition is a decision or action of the Secretary that Clause (viii) specifies is in the sole and unreviewable discretion of the Secretary. It is therefore not subject to judicial review. 8 U.S.C. § 1252(a)(2)(B)(ii). On appeal, however, the Bremers argue that their complaint challenges other aspects of the agency's implementation of the Adam Walsh Act that are outside the Secretary's discretion, and that the district court has jurisdiction over those claims.

The Bremers contend that their claims involve "predicate legal questions" over which the district court has jurisdiction. Even where a statute precludes judicial review of discretionary agency actions, courts may review certain non-discretionary legal determinations that underlie an agency's exercise of unreviewable discretion. Such "predicate legal questions" include, for example, whether statutory conditions precedent to the agency's authority to exercise discretion have been satisfied. *Ibrahimi v. Holder*, 566 F.3d 758, 763-64 (8th Cir. 2009); *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008). We consider the Bremers' claims seriatim.

A.

In Count II of their complaint, the Bremers allege that the Adam Walsh Act no longer applies to Mr. Bremer's petition. The Adam Walsh Act limits the application of Clause (i). That provision specifies who may "file" a petition for a family-based visa. 8 U.S.C. § 1154(a)(1)(A)(i). The Bremers contend that Mr. Bremer already has filed his petition, as evidenced by the fact that the USCIS assigned his petition a file number in 2009 and a file receipt number in 2011. The relevant question now, the

Bremers assert, is not whether the Secretary should exercise discretion to allow a filing, but whether USCIS is required to grant a petition that has already been filed under the standards that govern the treatment of filed petitions. *See* 8 U.S.C. § 1154(b); *Ginters v. Frazier*, 614 F.3d 822, 828 (8th Cir. 2010). The Secretary disputes the Bremers' interpretation of the Adam Walsh Act. He maintains that there is no way for the agency to determine whether the statute even applies to a petition unless an adjudicator examines the petition, so the Adam Walsh Act must allow the Secretary to make a discretionary no-risk determination after a petition is accepted for filing.

We agree with the Bremers that whether Mr. Bremer's petition has already been filed, and if so, whether Clause (viii) is inapplicable, are predicate legal questions over which the district court has jurisdiction. Resolution of these questions requires construction of the INA and the Adam Walsh Act on a matter antecedent to the Secretary's exercise of sole and unreviewable discretion to determine whether a petitioner poses no risk to an alien beneficiary. We express no view on the merits of the claim, but conclude that it must be resolved on the merits. Accordingly, we remand to the district court for further consideration of Count II.

The Bremers' complaint alleges four other violations of the APA. Each of these counts, although framed as presenting a legal question, challenges how the Secretary, acting through the USCIS, has exercised his discretion to make a no-risk determination under the Adam Walsh Act. The INA therefore bars judicial review of these claims.

In Count I, the Bremers contend that the USCIS acted arbitrarily and capriciously by requiring Mr. Bremer to submit the results of a certain psychological test. What evidence the agency requires or considers, however, is an essential part of how the agency exercises its discretion to determine whether a citizen poses no risk. The power to dictate what evidence the agency considers would give courts a large

measure of control over the ultimate discretionary decision. This claim therefore challenges a decision within the "sole and unreviewable discretion" of the agency.

Count III asserts that the USCIS violated the APA by "creating a presumption of denial of all AWA petitions." This claim focuses on two interoffice memoranda addressed to USCIS field offices. The memoranda provide guidance on how to evaluate petitions filed by persons with convictions that trigger the Adam Walsh Act. In those memoranda, the USCIS advises evaluators that "approval recommendations should be rare."

The Bremers contend that this direction amounts to a categorical rule and thus is "not an exercise of discretion at all." *See Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006). Direction that approval should be rare, however, addresses only the standard by which petitions will be evaluated. Reviewers are still instructed to "closely examine the petitioner's specified offense and other past criminal acts to determine whether the petitioner poses any risk." Unlike in *Fults*, where the Bureau of Prisons failed to consider certain statutory factors and excluded an entire class of inmates from discretionary placement in a halfway-house program, the USCIS did not refuse to address Mr. Bremer's petition individually. The agency simply set a high threshold for securing a favorable exercise of discretion, given "the nature and severity of many of the underlying offenses and the intent of the AWA." Count III thus challenges the manner in which the Secretary, through the USCIS, exercises his discretion, and the claim is therefore barred by the INA.

Count IV raises a procedural challenge to the same memoranda addressed in Count III. The Bremers argue that these memoranda should have been promulgated through notice-and-comment rulemaking. *See* 5 U.S.C. § 553. By granting "sole and unreviewable discretion" to make the no-risk determination, however, Congress conferred on the Secretary the "power to make decisions without anyone else's advice and consent." *Black's Law Dictionary* 565 (10th ed. 2014) (*s.v.* "sole discretion").

-8-

Subjecting these memoranda to a notice-and-comment process would require the Secretary to solicit and consider public comment on the manner in which he makes the no-risk determination. That requirement would be at odds with a grant of "sole and unreviewable discretion." The claim is therefore barred.

Finally, Count V alleges that the USCIS acted in excess of statutory authority by requiring applicants to prove beyond a reasonable doubt that they pose no risk to visa beneficiaries. The Bremers rely on a USCIS administrative decision issued in a different context, which states that "[e]xcept where a different standard is specified by law, a petitioner or applicant in administrative immigration proceedings must prove by a preponderance of evidence that he or she is eligible for the benefit sought." *In re Chawathe*, 25 I. & N. Dec. 369, 375 (USCIS Admin. Appeals Office 2010). The Adam Walsh Act, however, allows for a different standard of proof: the standard may be chosen in the "sole and unreviewable discretion" of the Secretary. As the Board of Immigration Appeals has observed, the appropriate standard of proof is "part and parcel of the ultimate exercise of discretion" accorded to the Secretary under § 1154(a)(1)(A)(viii). *In re Aceijas-Quiroz*, 26 I. & N. Dec. 294, 299 (B.I.A. 2014). The Act allows the Secretary to determine what quantum of evidence is necessary to satisfy him that an applicant poses no risk to a visa beneficiary. It would usurp the Secretary's discretion to require the agency to exercise discretion in favor of a person who meets only some lower standard of proof.

The Bremers disagree with these conclusions. They believe that the INA shields from judicial review only the Secretary's ultimate fact-specific decision whether a particular petitioner poses a risk to the beneficiary, while allowing what they call collateral challenges to the agency's practices or policies. They rely on *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991), where the Court ruled that a prohibition on district court review "of *a determination* respecting *an application*" did not preclude review of "collateral challenges" to an agency's procedures. *Id.* at 492. The Court reasoned that the reference to "a determination"

-9-

described "a single act rather than a group of decisions or a practice or procedure employed in making decisions." *Id.* The Court then observed that other provisions concerning judicial review of an "administrative record" and an "abuse-of-discretion" standard of review in the *court of appeals* indicated that the limitation on *district court* review applied only to claims that were based on an individualized administrative adjudication. *Id.* at 493.

The Adam Walsh Act is phrased differently. It begins by providing that a citizen with a qualifying conviction is ineligible to file a visa petition unless the Secretary exercises discretion in his favor. The statute then gives the Secretary "sole and unreviewable discretion" to determine whether the citizen poses no risk to the intended beneficiary. The statute does not contain companion provisions implying that broader procedural decisions about how to adjudicate eligibility are outside the scope of the Secretary's discretion. There is no stark use of indefinite articles in the text to suggest that the grant of discretion is narrowly confined to a single act.

Whereas the statute in *McNary* provided that a specific determination could not be reviewed in the district court, the Adam Walsh Act provides that the Secretary's discretion itself is "sole and unreviewable." A grant of "sole" discretion is among the strongest known to the law. It implies that the decisionmaker "is simply not bound by standards set by [another] authority." Ronald Dworkin, *Taking Rights Seriously* 32 (1977). This type of discretion necessarily includes authority to implement practices or procedures for making decisions. Like the Board of Immigration Appeals, we believe it is "fairly discernible in the statutory scheme," *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 351 (1984) (quotation omitted), that Congress has granted the Secretary "sole authority to establish a framework for USCIS adjudicators to use in making the 'no risk' discretionary determination." *In re Aceijas-Quiroz*, 26 I. & N. Dec. at 299. Accordingly, we affirm the district court's dismissal of Counts I, III, IV, and V.

B.

The Bremers also allege violations of the Constitution. This court has held that the INA's bar on judicial review of discretionary decisions does not extend to colorable constitutional claims. *E.g.*, *Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 849-50 (8th Cir. 2008); *see* 8 U.S.C. § 1252(d)(2)(D). To be colorable, a claim must have "some possible validity," *Sabhari v. Mukasey*, 522 F.3d 842, 844 (8th Cir. 2008) (internal quotation omitted), and a claimant may not create jurisdiction simply by cloaking a challenge to agency discretion in constitutional garb. *Tamenut v. Mukasey*, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc).

The government argues, however, that the Adam Walsh Act precludes review more broadly, because there is a clear congressional intent to preclude review of all constitutional claims. We assume for the sake of analysis that the statute does not preclude judicial review of colorable constitutional claims, but conclude that the Bremers have not raised such a colorable claim.

The Bremers allege in Count VI that the USCIS's application of the Adam Walsh Act violates the *Ex Post Facto* Clause, U.S. Const. art. I, § 9, cl. 3, because qualifying convictions of Mr. Bremer and other class members predate the Act. They allege in Count VIII that the Adam Walsh Act imposes an excessive punishment in violation of the Fifth and Eighth Amendments.

These constitutional provisions apply only when a statute is punitive. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 & n.19 (1994) (*Ex Post Facto* Clause); *Austin v. United States*, 509 U.S. 602, 609-10 (1993) (excess punishment); *see Doe v. Miller*, 405 F.3d 700, 723 & n.6 (8th Cir. 2005). Congress, however, passed the Adam Walsh Act "to protect the public from sex offenders." Pub. L. No. 109-248, § 102, 120 Stat. 587, 590 (2006). The Supreme Court has observed that "restrictive measures on sex offenders adjudged to be dangerous is 'a legitimate

-11-

nonpunitive governmental objective and has been historically so regarded.'" *Smith v. Doe*, 538 U.S. 84, 93 (2003) (citation omitted). The Adam Walsh Act does not retroactively punish petitioners for past crimes but rather regulates "dangers that arise postenactment"—specifically, the dangers that convicted sex offenders may pose to new immigrants. *Vartelas v. Holder*, 132 S. Ct. 1479, 1489 n.7 (2012); *see Reynolds v. Johnson*, 628 F. App'x 497, 498 (9th Cir. 2015). The *ex post facto* and excessive punishment claims are therefore not colorable.

The Bremers' claim under Count VII asserts a deprivation of a liberty interest in the right to marry without due process of law, in violation of the Due Process Clause. The Adam Walsh Act, however, does not restrict the ability to marry. The Act merely denies Mrs. Bremer one avenue of obtaining permanent residency in the United States. The Bremers remain married, and Mrs. Bremer may still petition for lawful entry to the United States on other grounds. A plurality of the Supreme Court recently concluded that a statute denying a foreign-national spouse entry into the United States does not infringe upon a protected liberty interest. *Kerry v. Din*, 135 S. Ct. 2128, 2138 (2015) (plurality opinion).

Even assuming that there is a protected liberty interest here, the Bremers received all process that might be due to them under the Constitution. *See id*. at 2139 (Kennedy, J., concurring in the judgment). Due process requires only "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Agencies are not required to provide trial-like procedures unless mandated to do so by Congress. 5 U.S.C. § 554(a); *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 655-56 (1990). Mr. Bremer had a meaningful opportunity to be heard prior to the denial of his petition. When the USCIS determined that Mr. Bremer had been convicted of a specified offense against a minor, the agency gave him notice of its intent to deny his petition and an opportunity to supplement the record. When the agency denied the petitions, it did so in reasoned, five-page decisions that gave facially legitimate and

bona fide reasons for its action. *See Din*, 135 S. Ct. at 2141 (Kennedy, J., concurring in the judgment). Neither the seriousness of the asserted right nor the risk of erroneous deprivation requires additional procedural safeguards. *Mathews*, 424 U.S. at 333-35. Count VII thus does not state a colorable due process claim.

C.

The Bremers argue alternatively that even if § 1252(a)(2)(B)(ii) bars their claims, jurisdiction was nonetheless proper under 5 U.S.C. § 704. Section 704 provides that a "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." *Id.* Section 701(a)(1) of the APA, however, limits the applicability of Section 704. *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). Section 701 provides that "[t]his chapter [*i.e.*, 5 U.S.C. §§ 701-706] applies . . . except to the extent that . . . statutes preclude judicial review." Because the Adam Walsh Act and the INA preclude judicial review of most of the Bremers' claims, it follows from § 701(a)(1) that § 704 is inapplicable to those claims.

\* \* \*

For the foregoing reasons, we reverse the district court's dismissal of Count II, affirm dismissal of the remaining counts, and remand for further proceedings.

_____