NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALMA GARCIA SOLORIO, | No.    16-16300 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01123-DAD-EPG |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted February 5, 2018
San Francisco, California

Before:  D.W. NELSON, TASHIMA, and CHRISTEN, Circuit Judges.

Plaintiff Alma Garcia Solorio brought an action challenging United States

Citizenship and Immigration Services' ("USCIS") rejection of her father Rafael

Garcia-Valdez's petition for legal permanent residence status ("LPR") for Solorio.

USCIS revoked its approval of the petition because it determined that the Adam

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Walsh Act ("AWA") applied to Garcia-Valdez. Solorio now appeals the district court's dismissal of her statutory and constitutional claims under Federal Rule of Civil Procedure 12(b)(6). We affirm.

First, the district court correctly held that federal courts lack subject matter jurisdiction over Solorio's Administrative Procedure Act ("APA") claims. The Immigration and Nationality Act ("INA") precludes judicial review of the Secretary's "no risk" determinations because those determinations fall within the Secretary's "sole and unreviewable discretion." 8 U.S.C. § 1154(a)(1)(A)(viii)(I); *Gebhardt v. Nielsen*, 879 F.3d 980, 984 (9th Cir. 2018). Because Solorio's APA claims challenge "how the Secretary exercises–or has exercised–his or her 'sole and unreviewable discretion' to adjudicate I-130 petitions[,]" we have no jurisdiction to review them.[1] *Id.* at 987.

---

[1] While we sometimes have jurisdiction over revoked visa petitions under *ANA Int'l v. Way*, 393 F.3d 886 (9th Cir. 2004) and *Herrera v. USCIS*, 571 F.3d 881 (9th Cir. 2009), those cases did not consider the Adam Walsh Act. As here, *Gebhardt* also involved a revocation of an earlier approved petition, rather than an initial denial. *See Gebhardt*, 879 F.3d at 984. *Gebhardt* makes no mention of the distinction between initial denial of visa petitions versus revocation of previously approved visa petitions. As discussed above, the panel in *Gebhardt* nonetheless concluded that there was no jurisdiction to review the "no risk" determination even under circumstances where approval of the petition was revoked. Because *Gebhardt* is apposite on these facts, we conclude the same.

Second, Solorio appeals the district court's finding that the AWA does not violate equal protection. While we cannot review the Secretary's discretion, we may review "colorable" constitutional claims. *See id.* at 988 (citing *Bremer v Johnson*, 834 F.3d 925, 932 (8th Cir. 2016)). A "colorable" claim is one that has "some possible validity." *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012).

The AWA distinguishes between citizen or LPR petitioners who have specified offenses and citizen or LPR petitioners who do not. *See* § 1154(a)(1)(A)(viii)(I). The rational basis standard of review applies to Solorio's equal protection claim because it concerns "a classification neither involving fundamental rights nor proceeding along suspect lines," such as race or gender. *Heller v. Doe*, 509 U.S. 312, 319 (1993). "This lowest level of review does not look to the actual purposes of the law. Instead, it considers whether there is some conceivable rational purpose that Congress could have had in mind when it enacted the law." *See SmithKline Beecham Corp. v. Abbott Labs.*, 740 F.3d 471, 481 (9th Cir. 2014). As the district court pointed out, "Congress could have determined that because convicted sex offenders are more likely to pose a risk of harm to the public generally, including family members, those individuals should be required to make an affirmative showing that they no longer pose such a risk to

3

intended beneficiaries before regaining the right to petition for a family-sponsored visa." The initial revocation of a visa petition and opportunity to demonstrate rehabilitation are not "so attenuated as to render the [classification] arbitrary or irrational" to this purpose. *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992) (citations omitted). Thus, the AWA passes rational basis review.

Solorio also argues that the AWA, as applied to her, violates equal protection. For the same reasons above, it was not irrational for USCIS to determine that Garcia-Valdez failed to show that he no longer posed a risk to Solorio given that his application lacked a risk assessment and medical notes, among other deficiencies. Thus, Solorio's as-applied challenge passes rational basis review.

**AFFIRMED.**