RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0164p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

JOSEPH PRIVETT,

　　　　　　　　　　*Plaintiff-Appellant*,

　　　*v.*

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,

　　　　　　　　　　*Defendant-Appellee*.

No. 16-3243

———————

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:14-cv-00714—Susan J. Dlott, District Judge.

Argued:  December 8, 2016

Decided and Filed:  July 26, 2017

Before:  COLE, Chief Judge; BOGGS and SILER, Circuit Judges.

———————

## COUNSEL

**ARGUED:**  Nicklaus Misiti, LAW OFFICES OF NICKLAUS MISITI, PLLC, New York, New York, for Appellant.  Yamileth G. Davila, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Nicklaus Misiti, LAW OFFICES OF NICKLAUS MISITI, PLLC, New York, New York, for Appellant.  Vinita B. Andrapalliyal, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

　　　BOGGS, J., delivered the opinion of the court in which SILER, J., joined, and COLE, C.J., joined in part.  COLE, C.J. (pp. 12–13), delivered a separate opinion concurring in part and dissenting in part.

---

**OPINION**

---

BOGGS, Circuit Judge.  In 2013, Joseph Privett sought to bring his spouse, Doris, into the United States by filing an I-130 immigrant visa petition.  Because Privett had been convicted of a sexual offense in 2004, however, the petition implicated the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"), Pub. L. No. 109-248, 120 Stat. 587, which prevents American citizens "convicted of a specified offense against a minor" from filing petitions on behalf of immediate relatives (including spouses) that would permit those relatives to apply for an immigrant visa and Green Card unless the Secretary of Homeland Security ("Secretary") determines that the citizen "poses no risk to the alien" who is the subject of the petition. 8 U.S.C.  § 1154(a)(1)(A)(viii)(I).   United States Citizenship and Immigration Services ("USCIS") denied Privett's petition after determining that he could pose a risk to his wife, and he then filed suit against the Secretary of Homeland Security and others, claiming violations of the Ex Post Facto Clause, the Fifth and Eighth Amendments, and the Administrative Procedure Act ("APA").  The district court granted the defendants' motion to dismiss on jurisdictional grounds, holding that the denial fell within the unreviewable discretion of the Secretary.  We affirm in part and reverse in part.

I

The Immigration and Nationality Act ("INA") permits United States citizens to file petitions that establish their relationship with aliens who are immediate relatives, which in turn allow those relatives to seek an immigrant visa to enter the United States.  *See* 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1).  If the facts stated in the petition are true and the alien is an immediate relative of the petitioner, then the Attorney General "shall . . . approve the petition." 8 U.S.C. § 1154(b).  These petitions may not, however, be filed by those citizens who have "been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition . . . is filed." 8 U.S.C. § 1154(a)(1)(A)(viii)(I). A "specified offense against a minor" is defined as including, among other conduct, "[c]riminal

sexual conduct involving a minor" and "conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(H), (I); *see also* 8 U.S.C. § 1154(a)(1)(A)(viii)(II).

On November 17, 2004, Joseph Privett pleaded guilty to and was convicted of two counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5). That law prohibits "sexual conduct with another, not the spouse of the offender, when . . . [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." Ohio Rev. Code § 2907.03(A)(5).

Nine years later, Privett, a United States citizen, married Doris, a Nigerian-born foreign citizen, and sought to have her join him in the United States as a lawful permanent resident. To that end, he filed a Form I-130 petition around the beginning of May 2013 to establish Doris as his spouse, which would trigger her qualification for a visa and eventually a Green Card. After waiting sixteen months for the petition to be resolved, Privett filed a Complaint for Mandamus Relief in September 2014. In December 2014, USCIS sent a Notice of Intent to Deny and requested additional evidence that would demonstrate that Privett was not convicted for a "specified offense against a minor" and "also requested . . . evidence that demonstrate[d], beyond a reasonable doubt, that [he] pose[d] no risk to the safety and wellbeing of" his wife. On February 23, 2015, Privett provided documents responsive to USCIS's request, including a statement from his attorney and a transcript of his plea hearing. Nevertheless, USCIS rejected his petition on March 5, 2015, finding that "the evidence submitted fail[ed] to demonstrate that the particular crime for which [Privett was] convicted is not a 'specified offense against a minor' as defined by the Adam Walsh Act" and "failed to demonstrate that [Privett] pose[d] no risk to the beneficiary" of the petition. After USCIS moved to dismiss Privett's mandamus action, Privett amended his complaint to include claims of violations of the Ex Post Facto Clause, the Fifth and Eighth Amendments, and the APA, and that the AWA was impermissibly retroactive.

The district court dismissed the case for lack of jurisdiction, basing its ruling on a jurisdiction-stripping provision of the INA that states that "no court shall have jurisdiction to review" a decision of the Secretary of Homeland Security "the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B). The Secretary, in turn, has delegated his discretion in immigration

matters to USCIS. Dep't of Homeland Sec., Delegation No. 0150.1(II)(H) (June 5, 2003). Because the INA bars the petition of one who "has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, *in the Secretary's sole and unreviewable discretion*, determines that the citizen poses no risk to the alien with respect to whom" the petition was filed, the court found that the petition fell within the Secretary's (and USCIS's) discretion and therefore was beyond its jurisdiction. 8 U.S.C. § 1154(a)(1)(A)(viii)(I) (emphasis added). Privett timely appealed.

II

We review a decision on the existence of subject-matter jurisdiction de novo. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630 (6th Cir. 2006). As noted above, Congress included a jurisdiction-stripping provision in the INA that withholds jurisdiction over decisions made by the Attorney General or Secretary of Homeland Security specifically designated as discretionary, absent an exception inapplicable here. 8 U.S.C. § 1252(a)(2)(B). Thus, if the entire denial of Privett's petition is encompassed within the Secretary's discretion, it would be outside of our jurisdiction.[1] *See CDI Info. Servs., Inc. v. Reno*, 278 F.3d 616, 620 (6th Cir. 2002).

Privett argues, however, that the clause at issue in 8 U.S.C. § 1154 should be understood as consisting of two parts: First, with the background rule of § 1154(a)(1)(A)(i)'s general permission for United States citizens to petition the Attorney General, it provides a nondiscretionary bar on petitions by citizens convicted of specified offenses against a minor. 8 U.S.C. § 1154(a)(1)(A)(viii)(I) ("Clause (i) *shall not apply* to a citizen of the United States who has been convicted of a specified offense against a minor . . . .") (emphasis added). Second, it provides a discretionary exception to that mandatory rule. *Ibid.* (enforcing the bar "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed"). The Secretary contends in response that where the denial is based on a "determination

---

[1]The parties have not raised, and we therefore decline to rule upon, whether the fact that Privett's petition was "filed"—in the sense that he received a receipt number and the petition was processed and denied rather than rejected outright—had any effect on the Secretary's discretion in this case. We do observe, however, that the Eighth Circuit recently remanded a case to determine this very question. *Bremer v. Johnson*, 834 F.3d 925, 929–30 (8th Cir. 2016).

that the petitioner did not show that he posed no risk to the intended beneficiary, the denial is wholly discretionary . . . [and] this Court is without jurisdiction to review any of Privett's claims."

Section 1252's jurisdiction-stripping provision "prevents us from reexamining only *discretionary* decisions . . . . '[N]on-discretionary decisions,' by contrast, are within our purview, even where they 'underlie determinations that are ultimately discretionary.'" *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008) (alteration in original) (quoting *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir. 2004)).  While the district court preferred to avoid "splinter[ing]" the language of § 1154(a)(2)(A)(viii), the provision is best understood as containing a mandatory rule with a discretionary exception.  The function of the statutory mechanism becomes more apparent in practice.  For example, if USCIS were to deny a petition filed by one convicted of tax evasion, but indisputably innocent of any offense against minors, on the basis that the petitioner posed a risk to the alien in question, USCIS could not argue that its decision rested within the scope of its discretion, which is limited to those occasions where a citizen has in fact been convicted of a specified offense against a minor.  Otherwise, the grant of discretion would be a carte blanche with which USCIS could reject any and all petitions, regardless of the offenses committed by a petitioner.  Instead, the language indicates that a conviction for a specified offense against a minor is a condition precedent to the Secretary's use of discretion and thus reviewable.  *See Hosseini v. Johnson*, 826 F.3d 354, 358–59 (6th Cir. 2016).

This reasoning is in keeping with the decisions cited by the district court in support of its holding, as well as with our and other circuits' precedent—and the Secretary's position in a very similar case.  Those lower-court decisions holding that there was no jurisdiction all involved questions of the application of the statute once the question was within the Secretary's discretion. They did not address whether the decision fell to the Secretary in the first place. *See, e.g., Chan v. U.S. Citizenship & Immigration Servs.*, 141 F. Supp. 3d 461, 462 (W.D.N.C. 2015) (conviction for lewd and lascivious assault on a child under 16 years of age), *aff'd sub nom. Roland v. U.S. Citizenship & Immigration Servs.*, 850 F.3d 625 (4th Cir. 2017); *Bittinger v. Johnson*, No. 1:14-CV-1560, 2015 WL 3842649, at *1 (M.D. Pa. June 22, 2015) (conviction for corruption of a

minor); *Bremer v. Johnson*, No. 13-1226-CV-W-ODS, 2014 WL 7238064, at *1 (W.D. Mo. Dec. 17, 2014) (conviction for an "AWA qualifying crime"), *aff'd in part, rev'd in part and remanded*, 834 F.3d 925 (8th Cir. 2016); *Bains v. United States*, No. 1:13CV1014, 2014 WL 3389117, at *1 (N.D. Ohio July 9, 2014) (convictions for illegal use of minor in nudity-oriented materials and pandering sexual-oriented matter involving a minor); *Beeman v. Napolitano*, No. CIV. 10-803-JO, 2011 WL 1897931, at *1 (D. Or. May 17, 2011) (conviction for communication with a minor for immoral purposes). Because those cases involved offenses that squarely fit within the AWA's specified crimes, they pose no obstacle to the proposition that a court may review whether an offense is a specified crime against a minor. And indeed, the only opinions referenced by the district court that engaged predicate questions held that those courts had jurisdiction. *See, e.g.*, *Suhail v. U.S. Attorney Gen.*, No. 15-cv-12595, 2015 WL 7016340 (E.D. Mich. Nov. 12, 2015).

We briefly addressed a related situation in *Johns v. Holder*, 678 F.3d 404 (6th Cir. 2012), where we examined 8 U.S.C. § 1186a(c)(4), which provided that the Attorney General could, at his discretion, remove a condition on the permanent resident status of an alien who had been married to a United States citizen if "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage ha[d] been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet [certain specified] requirements." 8 U.S.C. § 1186a(c)(4)(B) (2011). We held that, while we lacked jurisdiction to review the actual decision to grant or deny the waiver itself, we retained the ability to "evaluate certain questions of law wrapped up in the eligibility determination—whether the Board applied the correct legal test for a good-faith marriage, for example." *Johns*, 678 F.3d at 406. And in *Hosseini v. Johnson*, we found that the Secretary's unquestionably discretionary power to adjust the status of an alien granted asylum in 8 U.S.C. § 1159 depended upon the existence of certain conditions, and that the existence or nonexistence of those conditions was reviewable. 826 F.3d at 358–59.

In the Eighth Circuit's opinion in *Bremer v. Johnson*, that court also held that district courts had jurisdiction over "predicate legal questions," such as "whether Clause (viii) is inapplicable." 834 F.3d at 929. Indeed, the government supported that interpretation in its

briefing of that case, stating "[Plaintiff] is entitled to challenge true predicate legal issues—*like whether his conviction qualifies as a conviction for a specified offense against a minor*—but not the agency's discretionary implementation of its no-risk review." Brief for the Appellees at 28–29, *Bremer*, 834 F.3d 925 (No. 15-1163) (emphasis added). These examples demonstrate that certain predicate legal issues that determine the bounds of a discretionary decision remain within the jurisdiction of the courts.

In sum, this question is not within the discretion of the Secretary because it is the very determinant of whether the case falls within the exception—and therefore the Secretary's discretion—or the general rule, and therefore is subject to mandatory approval of the petition (absent inapplicable exceptions). Here, Privett's challenge to whether the crime of which he has been convicted is a specified offense against a minor is such a predicate legal issue and therefore is not within the scope of the INA's jurisdiction-stripping provision.

Privett's challenge to USCIS's beyond-a-reasonable-doubt standard in determining whether he poses a risk to his spouse, however, is directed squarely at the Secretary's discretion and thus beyond our review. In contending that Congress intended a lower standard, that the beyond-a-reasonable-doubt standard is more appropriate for criminal contexts, and that the standard is nearly impossible to meet, Privett merely contests how the Secretary exercises his "sole and unreviewable discretion." Setting a standard for the discretionary exception that is low or high is within the Secretary's discretion, and thus review of the standard selected by USCIS is beyond our jurisdiction.

With regard to Privett's remaining constitutional and statutory claims, the question is thornier. The nub is whether these claims require review of a discretionary decision or action of the Secretary such that they are beyond our jurisdiction. Congress recognized that its jurisdiction-stripping statute would preclude certain constitutional and legal claims from being brought before courts and so carved out an exception to § 1252(a)(2)(B), found in § 1252(a)(2)(D):

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised

upon a petition for review filed with an appropriate court of appeals in accordance
with this section [8 U.S.C. § 1252].

8 U.S.C. § 1252(a)(2)(D). But this exception for constitutional claims or questions of law is limited to those claims and questions raised in orders of removal, not actions like a denial of a I-130 petition, because § 1252(a)(2)(D) applies to removal appeals only. This result is compelled by the fact that § 1252(a)(2)(D)'s carve-out is itself limited in scope. *Ibid.* ("Nothing . . . *other than this section* . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review *filed with an appropriate court of appeals in accordance with this section . . . .*") (emphases added). Because that section applies only to "[j]udicial review of a final order of removal" filed with a court of appeals, not to immigration decisions generally, the general limitation on jurisdiction of § 1252(a)(2)(B)(ii) applies. *Id.* § 1252(a)(1); *see, e.g., Roland*, 850 F.3d at 629–30; *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 206 n.16 (3d Cir. 2006).

The distinction between the claim over which we have jurisdiction and the constitutional and retroactivity claims is that the challenged action in the latter is the Secretary's discretionary decision itself, while in the former the challenge is addressed to the determination of *whether* Privett's petition falls within the Secretary's discretion. The background presumption of the statute at issue is that petitions of those convicted of a specified offense against a minor are not granted unless the Secretary in his discretion determines otherwise. *See* 8 U.S.C. § 1154(a)(1)(A)(viii)(I). The Secretary's decision not to make an exception for Privett is an element of these constitutional and statutory claims. In fact, it is the very thing challenged as causing the constitutional harm or applying the statute improperly. Accordingly, in order to adjudicate these claims, we would be required to give the Secretary's decision not to grant his petition a central role in our review. Because such review is proscribed by § 1252(a)(2)(B)(ii), we do not have jurisdiction over the constitutional and retroactivity claims.

Privett appears to acknowledge this fact, but argues that as a result he is left without a forum for his complaint. "We recognize the 'strong presumption' in favor of judicial review that we apply when we interpret statutes, including statutes that may limit or preclude review." *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2140 (2016) (quoting *Mach Mining, LLC v.*

*EEOC*, 135 S. Ct. 1645, 1651 (2015)). Yet this presumption is rebuttable where clear and convincing indications demonstrate that Congress intended to bar review. *Ibid.* As discussed above, the language of § 1252(a)(2)(B)(ii) is wide-ranging and its exception narrow. It leaves us convinced that judicial review of these claims is precluded. *Accord Roland*, 850 F.3d at 630; *Jilin Pharm.*, 447 F.3d at 206. As a result, we must and do dismiss these claims for lack of jurisdiction.

## III

Having pared down the claims to the single one over which we have jurisdiction, we turn next to the question of how to determine whether Privett's crime was a "specified offense against a minor"; that is, whether Privett's sexual battery conviction involves "[c]riminal sexual conduct involving a minor" or "conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7). Privett's conviction is facially age-neutral. The crime merely requires that the offender be "the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person," without specifying the age of the other person involved. Ohio Rev. Code § 2907.03(A)(5) (2004).[2] He contends that because neither his conviction nor the facts to which he pleaded guilty contain the age of the other person, he cannot be considered to have been convicted of a specified offense against a minor. The Secretary in response asserts that the victim was indeed under eighteen and the language of the AWA requires a circumstance-specific, rather than a categorical, approach.

It is clear that from a categorical approach Privett's conviction cannot be said necessarily to involve a minor. From a circumstance-specific approach, however, it likely can be determined to involve a minor.[3] While no circuit court has directly addressed whether the I-130 petition bar

---

[2] The statute was later revised to make a violation of the section a second-degree felony where the other person is under the age of thirteen. Ohio Rev. Code § 2907.03(B).

[3] The only evidence in the record that the offense involved a minor is contained within the letter from USCIS denying Privett's petition, which states that "[t]he criminal complaint in your matter describes your offense as sexual contact with 'a person less than thirteen years of age.'" Although we doubt that USCIS's description of the complaint is inaccurate, the complaint itself and any direct evidence of the age of the victim are not in the record and we therefore cannot conclude the matter ourselves. *DeMarco v. United States*, 415 U.S. 449, 450 (1974) (per curiam) ("[F]actfinding is the basic responsibility of district courts, rather than appellate courts, and . . . the Court of Appeals should not have resolved in the first instance this factual dispute which had not been considered by the District Court.").

of the AWA requires a circumstance-specific or categorical approach, a number of courts have addressed a similar issue in a related statute. The Sex Offender Registration and Notification Act ("SORNA") is part of the AWA and is the source of the definition of "specified offense against a minor" used in determining whether prior offenses constitute specified offenses against a minor, and it conducts a similar review of past convictions. *See* 42 U.S.C. § 16911(7). Where courts have examined convictions under SORNA, they have applied a circumstance-specific approach with regard to the age of the victim. *See United States v. Hill*, 820 F.3d 1003, 1005 (8th Cir. 2016); *United States v. Price*, 777 F.3d 700, 708 (4th Cir. 2015); *United States v. Dodge*, 597 F.3d 1347 (11th Cir. 2010) (en banc); *United States v. Mi Kyung Byun*, 539 F.3d 982 (9th Cir. 2008). And such an approach is appropriate here.

The statute at issue requires an offense against a minor that involves (among other alternatives) criminal sexual conduct involving a minor or conduct that by its nature is a sex offense against a minor. 42 U.S.C. § 16911(7)(H), (I). Privett argues that both phrases require the use of a categorical approach. The term "conduct that by its nature is a sex offense against a minor" in § 16911(7)(I) does use language that might suggest such an approach. In *Leocal v. Ashcroft*, 543 U.S. 1 (2004), the Supreme Court found that language such as "*any other offense that . . . by its nature*, involves a substantial risk that physical force . . . may be used" "requires us to look to the elements and nature of the offense of conviction, rather than particular facts relating to petitioner's crime." *Id.* at 7 (citation omitted). Section 16911(7)(I) refers to conduct that "*by its nature* is a sex *offense* against a minor." 42 U.S.C. § 16911(7)(I) (emphases added). But the structure of the language suggests looking to specific circumstances. First, the term "sex offense" is provided its own definition in 42 U.S.C. § 16911(5)(A), including "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(i). Thus, rather than reading the statute as "conduct that by its nature is *a sex offense against a minor*," with the requirement of being against a minor being part of the offense, the statute actually can be read as "conduct that by its nature is *a criminal offense that has an element involving a sexual act or sexual contact with another* against a minor." That is to say, where an offender commits a crime that involves conduct that would constitute a criminal offense with an element involving a sexual act or sexual contact with another and that conduct is against a minor, he has committed a specified offense against a minor. As a result, a court must

look to whether the offense was in fact committed against a minor, rather than whether the offense contains as an element the presence of a minor victim.

Such a reading comports fully with the title of the provision, which states that it is an "[e]xpansion of [the] definition of 'specified offense against a minor' to include all offenses by child predators." 42 U.S.C. § 16911(7). In cases where text is ambiguous, captions "can be 'a useful aid in resolving'" ambiguities. *United States v. Quality Stores, Inc.*, 134 S. Ct. 1395, 1402 (2014) (citation omitted); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law* 221–22 (2012). Here, where two meanings of the statute are plausible—one, that § 16911(7) reaches only sexual crimes that are specifically designated as being against a minor, or the other, that § 16911(7) reaches sexual crimes that are in fact committed against a minor—the title makes plain that the broader scope is the proper reading.

Thus, in a case of sexual battery, which has "an element involving . . . sexual contact with another," an offender has committed a specified offense against a minor where that crime is in fact committed against a minor. 42 U.S.C. § 16911(7)(I); *see also* Ohio Rev. Code § 2907.03(A)(5) (2004) (defining the crime as "engag[ing] *in sexual conduct* with another" when the person is the other's parent (emphasis added)). We remand to the district court for further factual development to determine whether Privett's offense did in fact involve a minor. If it did, then the Secretary was within his discretion to prevent Privett's filing of his I-130 petition.

IV

Accordingly, we **REVERSE** the district court's finding of a lack of jurisdiction with regard to the question of whether Privett was subject to the AWA, **AFFIRM** the district court's dismissal of the other claims for want of jurisdiction, and **REMAND** for further fact-finding to determine whether the underlying conviction did indeed involve a minor.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

COLE, Chief Judge, concurring in part and dissenting in part. I agree with the majority that the district court erred in concluding that it lacked jurisdiction to consider the predicate legal question of whether Privett has been convicted of a specified offense against a minor. I further agree with the majority's determination of the appropriate method for determining that question. However, I respectfully disagree as to its holding that this court lacks jurisdiction to review other constitutional and statutory claims.

The majority concludes that this court lacks jurisdiction over Privett's constitutional due process and retroactivity claims. In doing so, the majority relies on its conclusion that "to adjudicate these claims, [this court] would be required to give the Secretary's [discretionary] decision not to grant [Privett's] petition a central role in our review." (Maj. 8.) I believe this view is mistaken because Privett's due process and retroactivity claims do not arise out of the Secretary's discretionary decision, as the majority concludes. Rather, they stem from the broader question of whether Privett may be subjected to the AWA's general bar on the eligibility of convicted persons to submit petitions on behalf of spouses. As a result, I would hold that the district court erred in concluding that it lacked jurisdiction over these additional claims.

As the majority correctly notes, while discretionary decisions of the Secretary are non-reviewable, this court retains the authority to review predicate legal issues and other questions of law that are intertwined with discretionary decisions. *See Johns v. Holder*, 678 F.3d 404, 406 (6th Cir. 2012). Constitutional due process and retroactivity challenges to the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"), Pub. L. No. 109-248, 120 Stat. 587, present such reviewable questions. *See Burbank v. Johnson*, No. 2:14-CV-292-RMP, 2015 WL 4591643, at *5 (E.D. Wash. July 29, 2015) (finding that retroactivity and due process claims were "distinct from the discretionary decision" of AWA); *see also Suhail v. U.S. Att'y Gen.*, No. 15-cv-12595, 2015 WL 7016340, at *4, 8–10 (E.D. Mich Nov. 12, 2015) (noting that its review was limited to arguments not delegated to the Department of Homeland Security's discretion).

As a result, the district court had jurisdiction to review Privett's due process and retroactivity claims.

For these reasons, I concur in part and dissent in part.