NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0204n.06

No. 17-1939

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JENNIFER LEIGH SERRANO, | ) | **FILED** |
| | ) | Apr 18, 2018 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| ELAINE C. DUKE, United States Department of | ) | UNITED STATES DISTRICT |
| Homeland Security; JAMES MCCAMENT, United | ) | COURT FOR THE WESTERN |
| States Citizenship and Immigration Services, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER, ROGERS, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Plaintiff Jennifer Serrano sought an immigrant visa on behalf of her husband, a Mexican citizen. Her petition was initially granted, but was later revoked when United States Citizenship and Immigration Services (USCIS) determined that her husband was ineligible for an immigrant visa because he had entered into a previous marriage for the sole purpose of obtaining an immigration benefit. Ms. Serrano challenged the revocation in district court, but the court concluded that it lacked jurisdiction and dismissed the case. We AFFIRM.

I.

In 1995, less than one month after illegally entering the United States, Jose Eutiquio Serrano Gonzalez ("Mr. Serrano"), a Mexican citizen, married Maria Isabel Rodriguez de Serrano ("Ms. Rodriguez"), a United States citizen. Based on this marriage, USCIS granted Mr. Serrano conditional lawful permanent resident status. But the marriage did not last; the two

divorced in 1999. Roughly four months after their divorce, Ms. Rodriguez told a USCIS officer that she had married Mr. Serrano only "to help him get his green card. No money was involved. We never lived together as Husband & Wife."

Facing removal from the country, Mr. Serrano asked permission to leave voluntarily. He conceded his removability as an alien who had married for the purpose of obtaining admission as an immigrant, and agreed to leave the United States by June 18, 2001. An immigration judge granted his request. Mr. Serrano did not leave, however, and instead married Jennifer Leigh Serrano ("Serrano"), a United States citizen. About ten years later, United States Immigration and Customs Enforcement removed Mr. Serrano to Mexico, where he remains today.

In 2012, Serrano filed an I-130 visa petition on Mr. Serrano's behalf, seeking immigrant classification as the spouse of a United States citizen. USCIS approved the petition and forwarded it to the National Visa Center for processing. But in 2014, USCIS issued a Notice of Intent to Revoke the petition, informing Serrano that Mr. Serrano was ineligible for immediate relative classification because he had been "involved in a prior marriage entered into for the sole purpose of obtaining an immigration benefit." USCIS allowed Serrano thirty days to provide rebuttal evidence. Serrano submitted several documents in response, including joint income tax returns, a copy of a Complaint for Divorce, a copy of a Judgment of Divorce, and an affidavit by Mr. Serrano describing his version of the marriage and the circumstances that led to the divorce. Nonetheless, on March 10, 2015, USCIS revoked its approval of the petition, stating that the petition would not have been approved had USCIS known that Mr. Serrano entered into the prior marriage for the sole purpose of obtaining immigration benefits. Serrano appealed USCIS's decision to the Board of Immigration Appeals, which affirmed.

Serrano, on behalf of her husband, brought this action against defendants the Secretary of the United States Department of Homeland Security and the Director of USCIS, asking the district court to order USCIS to re-adjudicate and approve the I-130 petition. Defendants filed a motion to dismiss, arguing that the court lacked subject-matter jurisdiction over the complaint. The court granted defendants' motion, concluding that revocation of an approved visa petition was wholly within defendants' discretion, and that 8 U.S.C. § 1252(a)(2)(B)(ii) stripped the court of jurisdiction to review such a discretionary matter. Serrano timely appealed to this Court.

II.

Whether the district court had jurisdiction to review USCIS's revocation of the petition depends on whether that decision was discretionary.[1] 8 U.S.C. § 1252(a)(2)(B)(ii) states:

> [R]egardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

Here, USCIS revoked Serrano's petition pursuant to 8 U.S.C. § 1155, which provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [8 U.S.C. § 1154]."[2] It is undisputed that Serrano's petition was approved under § 1154.

*Mehanna v. United States Citizenship & Immigration Services*, 677 F.3d 312 (6th Cir. 2012), held that revocation of a previously approved petition pursuant to § 1155 is discretionary, and that § 1252(a)(2)(B)(ii), therefore, strips a court's jurisdiction to review that decision. *Id.* at

---

[1] We review de novo a district court's dismissal of a complaint for lack of subject-matter jurisdiction. *See Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 714 (6th Cir. 2013).

[2] The Department of Homeland Security has delegated its authority to adjudicate visa petitions to USCIS. *See* 6 U.S.C. § 271(b)(1).

315. Serrano does not argue that *Mehanna* was wrongly decided. Nor does she dispute that *Mehanna* binds us. *See* 6 Cir. R. 32.1(b) ("Published panel opinions are binding on later panels."). In fact, at argument, Serrano's counsel conceded that under *Mehanna*, USCIS's decision to revoke the previously approved petition under § 1155 was discretionary and not reviewable by the district court.[3]

Serrano says that the district court had jurisdiction nonetheless because she filed a second petition on her husband's behalf. Shortly before the court granted defendants' motion to dismiss in this case, USCIS denied the second petition for the same reason that it revoked the first. Serrano submitted a copy of the denial order as a supplemental exhibit to her response to defendants' motion to dismiss. Serrano says that the district court had jurisdiction to review the denial of her second I-130 petition and should have done so in the interest of judicial economy.

Although Serrano brought the second petition to the court's attention, her complaint did not include a claim based on that petition. Only her complaint, and the allegations therein, were appropriately the focus of the district court when addressing defendants' motion to dismiss for lack of subject-matter jurisdiction. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) ("A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." (citation omitted)). Serrano never moved to amend her complaint to add a claim based on the second petition. The district court

---

[3] The jurisdictional bar includes Serrano's constitutional claims, which stem from USCIS's discretionary decision to revoke the petition. *See Privett v. Sec'y, Dep't of Homeland Sec.*, 865 F.3d 375, 381 (6th Cir. 2017); *see also* 8 U.S.C. § 1252(a)(2)(D) (preserving review of constitutional claims brought, unlike this case, in the court of appeals on review of a removal order).

cannot be faulted for dismissing the case without addressing the second petition, as review of that petition was not properly before it.[4]

* * *

The district court properly dismissed this case because it lacked jurisdiction under § 1252(a)(2)(B)(ii) to review USCIS's decision to revoke the previously approved petition filed on behalf of Mr. Serrano. We, therefore, AFFIRM.

---

[4] Serrano now asks this Court to "direct the district court to grant Plaintiff-Appellant leave to amend her Complaint and allow the case to proceed on its merits." We decline the invitation to order the district court to fulfill a request never made to it.